No. 66.—A. J. MILLER, administrator, &c. and another, plaintiffs in error, *vs.* THOMAS SURLS, defendant in error.

[1.] Where plaintiff and defendant in ejectment, both deduce title from a common grantor, it is needless to go back of him to make out the title.

[2.] No adverse possession can originate against *an estate*, until administration is granted.

Ejectment, in Chattahoochee Superior Court. Tried before Judge WORRILL, November Term, 1855.

This action was brought upon the demise of James L. Martin, and also of A. J. Miller, as the administrator of William Hurt, deceased, to recover a lot of land. The defences were, general issue, and Statute of Limitations. Plaintiff showed a grant to Martin, and proved possession in defendants. Defendants showed a Sheriff's deed to one Tignor, dated October, 1840, reciting a sale of the land as the property of Eze-

kiel Perry; a deed from Tigner to Bonnell, dated December, 1847, and a deed from Bonnell to Surls, the defendant, dated October 15th, 1850.

Thomas Surls, the son of defendant, was introduced as a witness. Plaintiff proposed to ask him if his father, at the time he purchased of Bonnell, was not aware of the claim of Hurt's estate. The Court ruled out the question, and plaintiff excepted. Defendant proved that he and those under whom he claimed, had been in possession seven years. Plaintiff, in rebuttal, offered a deed from Joseph May and Ezekiel Perry, dated March, 1839, to William Hurt. The Court rejected the deed, unless plaintiff expected to connect it with the grantee by regular chain. To this decision, plaintiff excepted.

Plaintiff also proposed to give in evidence an exemplification of the judgment against E. Perry, under which the land was sold, to show that it was younger than the deed to Hurt. The Court rejected this evidence, and plaintiff excepted.

The following was the answer of one of the witnesses: "Ezekiel Perry and Joseph May, were in possession at that time; Perry told witness that he had sold to Hurt." The latter clause was ruled out by the Court, and plaintiff excepted.

The plaintiffs requested the Court to charge—That if Emsly Lot was placed as tenant in possession by Hurt, that he could not subsequently, by attorning to Tignor, make his possession adverse to Hurt; and if, while he was in, Hurt died, and after the death of Hurt, Tignor put another in possession, then the Statute would not run against Hurt's estate, until administration granted; and if seven years had not since elapsed, the statutory bar would not avail them. The Court declined so to charge, and plaintiffs excepted.

The plaintiffs requested the Court to charge the Jury, that if the lot of land was divided by a road, and if the south half was not fenced in or cultivated, any part of it, then there could be no adverse possession to the true owner. The Court declined so to charge, and plaintiffs excepted.

THOMAS & DOWNING, for plaintiffs in error.

H. HOLT, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

We propose to discuss but two or three of the questions made in this case.

[1.] This is an action of ejectment, for lot No. 197, in the 7th district of what was formerly Muscogee County. There are three demises in the declaration: One in the name of Martin, the grantee—one in the name of the administrator of William Hurt, and one in the name of the heirs of William Hurt.

On the trial, the plaintiff, after introducing a copy grant from the State to Martin, and proving possession by the defendant and the value of the rent, closed his case.

The defendant, Surly, claims under Sheriff's title. The land in dispute was sold in 1840, as the property of one Ezekiel Perry, and bought by Tignor, under whom Surls holds. So far, the case was with defendant.

The plaintiff next tendered a certified copy of a deed from one Joseph May and Ezekiel Perry, the defendants in execution, by which it appeared that the land was sold to William Hurt in 1839. In connection with this evidence, the plaintiff also offered in proof a transcript of the record of the judgment under which the lot was sold, showing that the deed to Hurt was older than Tignor's judgment. The whole of this evidence was rejected.

Was not the proof proper? We think so, most clearly. When it was made manifest that both parties derived title through Perry, it was unnecessary to have the title beyond him. What if the plaintiff was unable to connect the title of Perry with that of Martin, the grantee? The plaintiff and defendant both claiming through Perry, the only question was, who was prior in point of time? And the testimony

excluded by the Court, established that Perry's title had passed out of him to Hurt, before the date of the judgment, under the lien of which it was sold by the Sheriff; and consequently, that the purchaser, Tignor, took nothing by that sale.

And is not this right, in justice as well as in law? And God forbid that these two should ever be contrary, the one to the other. Would it not shock the understanding, to say that Hurt must lose this property because he was unable to establish the *mesne* conveyances from Martin to Perry, and yet to hold that Tignor, or his feoffee, should hold the land, claiming under Perry, although equally unable to produce the intermediate links in the chain?

[2.] The Court was requested to charge the Jury, that inasmuch as Lot, the acknowledged tenant of Hurt, down to the end of 1842, was in possession in 1841, when Hurt died, and that no administration was granted on Hurt's estate until 1851, that no adverse possession could originate against the administrator of Hurt, until his appointment as administrator in 1851.

And is this proposition debatable? It requires neither argument nor authority to sustain it. It is an axiomatic truth.

As all the consecutive rulings of the Court was based upon the assumption that Hurt's deed from Perry was rightfully withheld, it is needless to examine them *seriatim.*. The foundation being unsound, the whole superstructure erected upon it falls to the ground, of course. Apart from the want of administration, we are inclined to the opinion, that neither the possession of Tignor nor his *privies* in estate, was adverse to Perry's title; but from its commencement down, in subordination to it.