DOE, *ex dem.*, THOMAS W. McGEE, *et al.*, plaintiffs in error, *vs.* WILLIAM GUTHRY, and WILLIAM POWELL, defendants in error.

1. The production of a paper, upon notice that is not relevant to the issue, but which recites another paper that is pertinent and material, will not overcome the necessity of proof of execution of the latter paper that is material. Its execution must be proven, notwithstanding the admission of the other of contemporaneous date containing the recitation. More especially is this so when the interests of one of the parties to the suit is to be affected by the suit who is no party to the paper, and who does not claim or hold under it.

2. A charge of the Court on adverse possession, that "if S. (under whom the tenants hold) took possession of a portion of the lot of land in good faith under his bond for titles, and was using it as his own, and cultivating it as his own, making such improvements as he conveniently could, this would make his possession adverse. If you find the seven years adverse possession in favor of defendants, you should render a verdict in their favor," such charge is erroneous, being too general and indefinite. The charge should have been, that if S. went into the actual possession of any part of the lot in controversy under the bond for titles from Asher, and he, together with defendant, if they went in under him, remained in the actual, open and notorious possession of the lot, continuously, uninterruptedly and adversely for the space of seven years, *previously to the commencement of the suit*, that then the plaintiff could not recover.

3. T. J. Asher, on 28th November, sold a lot of land to Jesse H. Stansell, and made a bond for titles. On 29th September, 1857, Asher made his deed to Stansell for the lot, and Stansell, in October, 1857, sold and conveyed to defendants. Stansell and defendants, under this title, took and held possession of the lot. Henry H. McGee, on the 9th January, 1851, sold the same lot to one Hardy C. Tatum, and gave his bond for titles. Henry H. McGee had no title to the land, but the title was in one Dorcas McGee, the widow and heir-at-law of Thomas McGee, the drawer and grantee of said estate. Dorcas McGee, the true owner of the land at the time, on the 10th February, 1855, sold and conveyed the lot to Henry H. McGee, who had, in 1851, sold to Tatum, and he, Henry H. McGee, on 3d October, 1858, sold and conveyed the lot to Emory Hancock, who brought ejectment for the recovery of the land in the several demises of Dorcas McGee, Henry H. McGee, and himself. The Court on these facts charged, in effect, that no recovery could be had on the demise from Hancock, as the deed to him was made adversely to the possession of the defendants, and therefore void; that no recovery could be had on the demise from Henry H. McGee, because the deed to him inured to the benefit of, and passed the title to, Hardy C. Tatum, to whom he had previously

sold it, and therefore there was no title in him or either of the plaintiffs to authorize a recovery. This charge was erroneous because if the deed from Henry H. McGee to Emory Hancock was void on account of its being adverse to the possession of defendants; that, from Dorcas McGee to Henry H. McGee, was equally so, whether it inured to his own benefit or to Tatum, for, whether to one or the other, it was equally adverse to the possession of defendants, and would leave the title in Dorcas McGee, one of plaintiffs' lessors, on whose demise a recovery might be had.

Ejectment, in Walker Superior Court. Tried before Judge WALKER, at the February Term, 1861.

This action was brought to the November Term, 1858, upon the several demises of Thomas W. McGee, Dorcas McGee, Henry H. McGee and Emory Hancock, against William Powell and William C. Guthry, to recover lot of land No. 130, in 11th district of the 4th section of Walker county.

At the trial, plaintiff showed a grant to Thomas W. McGee, the death of the grantee, and that Dorcas McGee is his only heir-at-law, a deed from Dorcas McGee to H. H. McGee, dated 10th February, 1855, a deed from H. H. McGee to Emory Hancock, dated 3d October, 1858, proved possession in defendants at the time of action brought, and closed his case.

Statutory title in themselves, and an outstanding title in one Tatum, were relied on by defendants for their defenses.

Defendants proved by Henry S. Davis possession of the lot by Jesse H. Stansell, under whom they hold, in the Summer or Fall of 1851, and then offered a bond for titles made by T. J. Ashur to Stansell, dated 28th November, 1850, to the introduction of which bond plaintiff objected, as being no color of title, but the objection was overruled and the bond admitted in evidence. Defendants then offered a deed from T. J. Ashur to Stansell, dated 29th September, 1857, and deeds from Stansell to themselves, dated in October, 1857.

Defendants then offered a good deal of testimony to show the commencement of possession in Stansell, but as there was rebutting testimony on this point, and as it was not passed on by the Court, it is not necessary to include it in this statement.

McGee *et al.*, *vs.* Guthry and Powell.

Defendants next offered a bond from Henry H. McGee to Hardy C. Tatum, conditioned to make titles in twelve months, dated 9th January, 1851, and the following receipt, which was drawn from the possession of plaintiff by notice:

GEORGIA, SCRIVEN COUNTY:

I have this day received of Henry H. McGee (his bond) obligating himself to make titles to lot of land No. 130, in the 11th district and 4th section of Walker county. Now, if anything should take place to put it out of the power of said Henry H. McGee to procure said titles, he is to pay me sixty dollars in lieu thereof, in balance of the price of cream colored horse.

Signed and sealed the 9th of January, 1851, in presence of Mary McGee.

The bond had no official attestation.

To the introduction of the bond and receipt plaintiff objected, on the ground that the execution of the bond was not proven; the objection was overruled, and they were admitted in evidence. Defendants here closed, and after being charged by the Court, the jury returned a verdict for defendants, whereupon plaintiff moved for a new trial, on the grounds:

1. Because the Court erred in admitting the bond from Asher to Stansell.

2. Because the Court erred in admitting the bond from Henry H. McGee to Tatum, accompanied with an agreement from Tatum to McGee, without further proof.

3. Because the Court erred in charging the jury as follows: "Something has been said about the possession of Stansell being of a very small portion, and is not sufficient to make the possession adverse. In relation to this question, this is the law: If Stansell took possession of a portion of the lot, in good faith, under his bond for titles, and was using it as his own, and cultivating it as his own, making such improvements as he conveniently could on it, this would make his possession adverse. If, on the contrary, he was endeavoring to take a secret or clandestine possession of the land, and the

possession was not open and notorious, then the taking possession of a small portion would not be adverse. If you find the seven years adverse possession in favor of the defendants, you should find a verdict in their favor. If not, then you should go further in the investigation, and consider the other grounds of defense, and that is, defendants insist that they have shown the legal title to have passed to, and now is in, one Hardy C. Tatum. If the proof shows the title to be in Tatum, then plaintiff cannot recover, for, as I have already instructed you, the plaintiff, if he recovers, must recover on the strength of his own title. Defendants introduced a bond from H. H. McGee to Tatum, dated in January, 1851, with a receipt from Tatum, drawn from plaintiff's possession by a notice, and they insist that the two papers show that Tatum paid H. H. McGee for the land at that time, and that they show a legal title in Tatum.

These two papers constitute the contract between Tatum and McGee, and if from these papers, in evidence, you believe that Tatum did pay for the land at the time, 9th January, 1851, and took McGee's bond for titles, this would constitute a legal title, and would protect these defendants against a recovery in this case, even though they do not hold under Tatum. It will be sufficient if the title was not in plaintiff at the commencement of this suit.

Henry H. McGee sold to Tatum, 9th January, 1851. The papers show he did not get the deed from Dorcas McGee until afterwards, say 10th January, 1855, but when Dorcas McGee made the deed to H. H. McGee, if H. H. McGee had sold it to Tatum, and received pay for it, the title thus conveyed inured to the benefit of Tatum, and in law passed the title to Tatum, and under this view of the case, Henry H. McGee would have no title to convey to Hancock, or any one else but Tatum.

If, however, you are not satisfied, from the evidence, that Tatum paid for the land, then defendants would not be protected under Tatum's title. If, however, he did pay for it, defendants would be protected by this title. Defendants being in adverse possession at the time Hancock received his deed

from McGee, that deed is void as against defendants, and therefore no question arises as to whether Hancock had notice of Tatum's title or not. No recovery can be had in Hancock's name, as admitted by Hancock's counsel."

UNDERWOOD, SHROPSHIRE, DABNEY, for plaintiff in error.

McCONNELL, for defendants in error.

*By the Court*—LYON, J., delivering the opinion.

This was an action of ejectment for the recovery of lot of land No. 130, in the 11th district of Walker county, by John Doe, on the several demises of Thomas W. McGee, Dorcas McGee, Henry H. McGee and Emory Hancock, against Richard Roe, casual ejector, and William C. Guthry and William Powell, tenants in possession. On the trial, the plaintiff put in evidence the plat and grant from the State of Georgia to Thomas W. McGee, dated 1st July, 1843, for the lot in question. Then proved by Josiah Lee and Sarah Lee, the death of Thomas W. McGee, in 1847, without children, and leaving his wife, Dorcas McGee, his only heir-at-law surviving. A deed from Dorcas McGee to Henry H. McGee, dated 10th February, 1855. A deed from Henry H. McGee to Emory Hancock, dated 3d October, 1858, proved defendants, Guthry and Powell, in possession of the land at the commencement of the suit, and closed. The suit was commenced 2d November, 1858.

The defense rests upon two propositions. 1. That the defendant had been in possession of the lot more than seven years anterior to the commencement of the suit, claiming the same adversely under a colorable title derived from one Thomas J. Asher; that is, that they had a statutory title to the lot. 2. That the plaintiffs were not entitled to recover because of the existence of an outstanding title better than, and paramount to, that of the plaintiff, in one Hardy C. Tatem. And as the questions that arose on these propositions are entirely independent, I shall consider them separately.

McGee *et al.*, *vs.* Guthry and Powell.

As to the statutory title, the defendants claim that one Stansell, under whom they hold, went into the possession of the lot some time in the year 1851, previous to the first day of November of that year, under color of title, and that he and they have been continuously in the possession of the lot adversely for more than seven years anterior to the commencement of the suit. In support of this position defendant put in evidence a bond for title from one Thomas J. Asher to the said Stansell, dated 28th November, 1850; a deed from Asher to Stansell for same lot dated 29th September, 1857; and a deed from Stansell to the defendants for the lot dated in October, 1857; also, a number of witnesses as to the possession, some of whom testified that Stansell took possession of the lot in the Summer or Fall of 1851, and previously to 1st November of that year; others again, that actual possession was not taken until after that time. This is about the substance of the testimony on both sides, as to this question.

The only point made on this branch of the defense grows out of the charge of the Court.

The Court charged the jury, "that if Stansell took possession of a portion of the lot in good faith under his bond for titles, and was using it as his own, and cultivating it as his own, making such improvement as he conveniently could on it, this would make his possession adverse. If, on the contrary, he was merely endeavoring to take a secret or clandestine possession of the land, and the possession was not open and notorious, then the taking of a small portion would not be adverse. If you find the seven years adverse possession in favor of defendant, you should render a verdict in their favor." The objection to this charge is, that it is too general and indefinite; there is no explanation to the jury, the seven years possession should have anterior to the commencement of the suit, or that it must have been continuous. The Court, instead of the charge given, should have charged the jury, that if Stansell went into the actual possession of any part of the lot in controversy under the bond for titles from Asher, and he, together with defendants, they holding

McGee *et al.*, *vs.* Guthry and Powell.

under him, remained in the actual, open and notorious possession of the lot continuously, uninterruptedly and adversely for the space of seven years previously to the commencement of the suit, then the plaintiff could not recover.

There was an objection to the admission of the bond from T. J. Asher, as evidence, but for what reason does not appear, and as the point was not insisted upon in the argument, we only notice the point to say, that there was no error in this ruling—the bond was admissible for the purposes for which it was offered, as color of title.

As to the other grounds of defense, the defendants proposed to put in evidence a bond for titles to this lot, from Henry H. McGee, one of the plaintiff's lessors, to Hardy C. Tatum, dated 9th January, 1851, together with an acknowledgment by Hardy C. Tatum, of the same date, to Henry H. McGee, reciting the receipt of this bond for titles, and in which Tatum agrees, that if anything should take place to put it out of the power of said McGee to procure titles to said lot of land, that McGee was to pay him, Tatum, sixty dollars in lieu thereof, in balance of the price of the cream colored horse. The bond for titles stipulated that titles were to be made within twelve months. This testimony was objected to by plaintiff, which objection was overruled, and the papers put in evidence. The objection rests on the ground that the execution of the papers was not proven.

As the receipt signed by Tatum was produced by the plaintiff upon notice, it is claimed that this rendered proof of its execution unnecessary, and as it recites the bond, it is insisted that that made any proof of its execution unnecessary.

It is a general principle, that when a party to a suit, in pursuance of a notice, produces an instrument to which he is a party, and under which he claims a beneficial interest, it will not be necessary that the other party should call an attesting witness to prove the execution. But this rule does not authorize a party to call for the production of, and to put in, evidence a paper that has of itself no connection with, or relevancy to, the issue, like the receipt from Tatum to McGee, for the sole purpose of laying a foundation to get in evidence,

without proof of execution, another paper that is pertinent to the issue. This was a sufficient reason to have excluded these papers from the operation of the above rule, on which the Court below evidently allowed them to go, in evidence, without proof of execution. In addition to this, there is another reason why this rule could not obtain in this case. Henry H. McGee, it is true, was a party to this suit, and he may possibly have been entitled to, or claimed, a beneficial interest in the receipt from Tatum to himself, but there were other parties to this suit, whose interest was proposed to be affected by this evidence, that were no parties to the receipt of Tatum, and in no wise beneficially interested therein. Thus Emory Hancock was a party to the suit. He was the plaintiff's last lessor, and down to whom, through Henry McGee, the title was carried. He was the real party plaintiff, for whose benefit the suit was brought and prosecuted. He had no beneficial interest in that receipt, was no party thereto, and the bond for titles was offered in evidence to defeat his title. He had a right, therefore, to call for proof of the actual execution of the bond, although the receipt reciting such a bond, and of cotemporaneous date, was produced upon notice.

These papers being in evidence, the Court charged the jury thereon, that if "Tatum did pay for the land at the time, 9th January, 1851, and took McGee's (Henry H.) bond for title, this would constitute a legal title, and protect these defendants against a recovery in this case, even though they do not hold under Tatum. It will be sufficient if the title was not in the plaintiff at the commencement of this suit. Henry H. McGee sold to Tatum, 9th January, 1851. The papers show that he did not get the deed from Dorcas McGee until afterwards, say 10th January, 1855, but when Dorcas McGee made the deed to H. H. McGee, if H. H. McGee had sold it to Tatum, and received pay for it, the title thus conveyed inured to the benefit of Tatum, and in law passed the title to Tatum ; and under this view of the case, Henry H. McGee would have no title to convey to Hancock, or any one else but Tatum. If, however, you are not

satisfied, from the evidence, that Tatum paid for the land, then defendants would not be protected under Tatum's title. If, however, he did pay for it, defendants would be protected by this title. Defendants being in adverse possession at the time Hancock received his deed from McGee, that deed as against defendants is void, and therefore no question arises as to whether Hancock had notice of Tatum's title or not. No recovery can be had in Hancock's name as admitted by Hancock's counsel."

Whether the important principles, stated by the Court in the charge, are sound rules of law, it is not necessary for the Court to consider, neither do we pass upon them, (speaking for myself alone, however, I must say, that I cannot assent to any one of the propositions therein stated as being the law,) but conceding, for the determination of this case, that the legal propositions stated are true, still the charge is erroneous in their application to the facts. The Court states that the deed from Henry H. McGee to Emory Hancock having been made adversely to the possession, is void on that account, and no recovery can be had in his name; neither could a recovery be had in the name of Henry H. McGee, because there is a legal title shown out of him in Hardy C. Tatum. Now, it must be remembered, that the title of Tatum and the defendants, are as independent of each other as that of the plaintiffs' and defendants'. There is no connection whatever between them. The defendants do not claim under Tatum, or through him. He is not in possession, but the possession of defendants is as adverse to him as to the plaintiffs. The defendant found this title, or claim of title, outstanding, and laid hold of it to repel a recovery by the plaintiffs. The possession of the defendants being out of the way, the deed from Henry H. McGee to Hancock could not be void as against Tatum, unless made with notice of his title or equitable interest in the lot. But the defendants being in possession, McGee's deed is void, in consequence of that possession, as against the defendants, as the Court below states. Now, if that is true, the deed from Dorcas McGee to Henry H. McGee, which was equally adverse to the possession, would

also be void, and for the same reason, leaving the title still in her, and never reaching either to Henry H. McGee or Tatum, so as to constitute an outstanding title to prevent a recovery in the demise in the declaration from Dorcas McGee. Hence the charge of the Court was erroneous.

Let the judgment be reversed.