ROE, *casual ejector*, and NICHOLAS HIGHTOWER, tenant, plaintiffs in error, *vs.* DOE, *ex dem.*, of JESSE WILLIAMS, *et al.*, defendants in error.

1. A deed unrecorded can not be given in evidence as color of title without proof of execution.
2. When both parties derive title from the same person, plaintiff in ejectment need not show title into such person.
3. A purchaser at sheriff's sale, under a mortgage *fi. fa.*, will be protected when the rule absolute shows upon its face, that the rule *nisi* was served upon the mortgagor according to law.
4. Service, in such case, acknowledged by a general agent, without special authority, will be sufficient to protect the purchaser at sheriff's sale, in an action of ejectment, when the plaintiff in ejectment, who purchased from the mortgagor after the date of the mortgage, was in Court when the rule absolute was taken, and made no objection.

Ejectment. Tried before Judge HARRELL. Early Superior Court. April Term, 1869.

This was ejectment for a town lot in Blakely, being part of land lot No. 154 in the 28th District of said county, and

for other forty acres of lot No. 166, same district, upon the demises of Thomas J. Rowe, *et al.* There was a distinct case for each lot, but the title and defence being the same, they were tried as one below, and came as one to this Court. R. W. Wade, as administrator of S. S. Stafford, deceased, had been made a party defendant. On the trial, Jesse Williams testified that he took possession of the premises under a purchase from Rowe, at the time the deed was made. Green, sheriff, at March sales, 1867, sold the lot to Stafford. Rowe had been in possession about a year before, and Major West was in possession at the time of the sale as witness' tenant. He paid witness rent up to the date of the sale. Williams bought the place without knowledge of the mortgage from Rowe to Stone. At the end of the year Hightower took possession as Stafford's tenant, and Stafford's tenant had been in possession ever since said sale. He testified further, that it was worth, for rent, $150 00 *per annum.* The plaintiff then read in evidence a deed from Rowe to Williams for said lot, dated 2d of October, 1862.

James B. Jones was shown a deed from himself as trustee to John W. N. Stone for said forty acres of land, the Fryer lot, and testified that he bought it from John V. Heard, that he did not know what became of the deed, supposed some of the parties had it. He got fire-wood from it and exercised control over it till Stafford bought. He thought that after Williams bought it, there was a brick-yard on it. Plaintiff read in evidence a deed from said Stone to said Rowe, dated 21st of October, 1861, for said four acres, and a deed from James B. Jones, trustee, to said Stone, dated 1st of July, 1861, for the Fryer lot.

JOHN W. N. STONE testified : that he was in possession of the house and lot four or five years ; bought it from Sapp; Rowe was in possession about a year, and sold to Williams. Plaintiff's attorney handed him a deed ; he said that * the deed was in his hand-writing ; * that he knew the witnesses to the deed, W. C. Hainesley and his wife; Hainesly is dead ; his wife lives in Calhoun county ; that after buying the forty acre lot he exercised no acts of ownership over it,

except perhaps getting a little wood from it; ·* the deed from Sapp to him was signed by said witnesses in his, (Stone's,) presence,* but he did not know the hand-writing of the witnesses; * he went into possession under said deed from Sapp*.

So much of said testimony as is between the * * came in over the defendant's objection. Plaintiff's attorney then tendered said deed from Sapp to John W. N. Stone, trustee, dated in 1855, witnessed thus:

"W. G. HAINSLEY, J. P.    EMMA $\overset{\text{Her}}{\underset{\text{mark.}}{\bowtie}}$ HAINSLEY."

This deed had never been recorded. Defendant's attorney objected to it till it was proven by one of the subscribing witnesses. The Court allowed it read, without proof, as color of title. The absence of the original papers being accounted for, the plaintiff's attorney read in evidence, from the minutes of the Court, the rule *nisi* and rule absolute for foreclosing a mortgage made by said Rowe to said Jones. The rule absolute was taken at October Term, 1866, and recited that Rowe gave Stone a note for $625 00, dated the 21st of October, 1861, and due on the first day of the next January, and another note exactly the same, except it was due one year later, and gave his mortgage on said two lots, on the same day, to secure the notes, that said rule *nisi* was granted, and " a copy of said rule having been served on the said Thomas J. Lowe, according to law." Here plaintiff closed.

The defendant's attorney then read in evidence the original mortgage from said Rowe to said Stone on said lots, dated 21st of October, 1861, and recorded 21st of November, 1861, the mortgage *fi. fa*, the levy thereon and the sale of said property, under said levy at sheriff's sale to said Stafford, the deed from Green, sheriff, to Stafford for the premises, according to said sale, and closed.

Plaintiff's attorneys, in rebuttal, introduced T. T. Swan, who testified that * he thought that when the rule absolute was taken, Rowe had left the State;* that Williams knew of the mortgage; that witness let him have the notes to try to secure himself by attachment; that Williams was present and knew when the rule absolute was taken, and made no com-

plaint to witness; that he was satisfied that the service was considered sufficient when the rule absolute was taken; that no order for publication of the rule was taken by witness, and he was the sole attorney for Stone.

JAMES B. JONES testified : that he knew Rowe ;* he left the State before the rule *nisi* was granted; moved to Arkansas in the fall of 1865; he, witness, acknowledged service of the rule *nisi*, without having been authorized so to do by Rowe. * Upon cross-examination, he said that he acknowledged the service to save costs of publication ; that Rowe was a partner in the firm of J. J. Williams & Company ; Williams was dead; Rowe was the sole surviving partner, and the business of the firm was left with witness, as the agent of Rowe; he signed Rowe's name to the matters of the firm; collected some costs due Rowe as late sheriff; paid some debts due by Rowe, out of the assets of said firm ; that he signed the acknowledgement of service, as agent of Rowe; that he wrote many letters to Rowe; told him of the rule *nisi*, and of the sale, but all his letters but one. came back from the dead-letter office; he did not know whether that one informed him of said acknowledgment; did not know that Rowe knew it. So much of the evidence as is between * * came in over the objection of defendant's attorney.

The evidence being closed, the Court charged the jury: 1. The great question in this case is, was the mortgage properly foreclosed ? The whole case hinges on that fact. If not served as directed by the Code, it was no service. While Rowe could adopt it or not, could ratify or disapprove of the act of Jones, yet it could not bind the rights of third parties; that before Jones could acknowledge service he must be specially appointed for the purpose, i. e., to acknowledge service of the rule *nisi*, and if the jury shall find, from the evidence, that Jones was not specially appointed the agent or attorney of Rowe, to acknowledge service on this rule *nisi*, then there was no legal service, and the judgment was a nullity so far as it affects the rights of third parties, and the purchaser at sheriff's sale could acquire no right under the sale, and the plaintiff must recover.

Hightower *vs.* Williams.

2. If both parties claim under Rowe, it was unnecessary for the jury to investigate the title beyond Rowe, as neither party could dispute Rowe's title."

The jury found for the plaintiff the premises in dispute, with $208 33 for mesne profits. The defendants' attorneys moved for a new trial upon the grounds that the Court erred in admitting the evidence objected to by them, in admitting the deed from Stafford to Stone, as a color of title, in each branch of his charge, and because the verdict was contrary to the evidence, etc.

The motion was overruled, and this is assigned as error on each of said grounds.

Hood & Kiddoo, for plaintiff in error, said the subscribing witness to the deed should have been examined, 20 *Ga. R.*, 312; 24 *Ga. R.*, 343. Parol evidence inadmissible to contradict a record, *Dudley*, 255; 1 *Kelly (Ga. R.)* 485; 3 Black Com., 24; 15 *Ga. R.*, 557; as to foreclosure of mortgages, Code, section 3886. Judgments *in rem* are conclusive against everybody, Code, section 3774, and if judgment is only voidable, *bona fide* purchaser gets good title by sale under it. 4 *Ga. R.*, 89, 323; 20 *Ga. R.*, 90, 581; 24 *Ga. R.*, 445; 23 *Ga. R.*, 168. A judgment not void on its face can not be collaterally attacked. 6 Humphreys, 444; 4 Bibb, 336; 2 Iowa, 95, 192; 2 Howard U. S., 340, 341; Code, section 3700; 10 Peters, 433-4-5-6; 2 Peters, 168; 3 Peters, 202; 3 Cranch, 305; Macnamara on Nullities, 31-36. Phillips on Ev., Cowen's notes, (4) 126.

Fielder & Powell, for defendants in error.

Brown, C. J.

After a careful examination of the record before us, we lay down the following legal propositions which we think are applicable to, and control this case:

1. A deed which has not been recorded can not be given in evidence as color of title without proof of its execution.

2. When both parties derive their title from the same per-

son, plaintiff in ejectment need not show title in such person.

3.. In a proceeding to foreclose a mortgage on real estate, the Superior Court of the county where the land lies has jurisdiction of the subject matter, and a purchaser at sheriff's sale, under a judgment of foreclosure, now claimed to have been without service, will be protected, when the rule absolute shows upon its face, that a copy of the rule *nisi* was served upon the mortgagor according to law.

4. When service of the rule was acknowledged by a general agent of the mortgagor, who now testifies that he was not specially authorized to acknowledge service of the rule, and it appears in evidence that the plaintiff in ejectment held the mortgaged premises under the mortgagor, by deed younger than the mortgage, and that he was in Court when the rule absolute of foreclosure was taken and made no objection to the judgment of foreclosure, it is not void as to him, and he will not be permitted to attack it collaterally for want of service in an action of ejectment against the purchaser at sheriff's sale, of the mortgaged premises.

Judgment reversed.