Kimbro & Company *vs.* Edmondson.

---

R. P. S. KIMBRO & COMPANY, plaintiffs in error, *vs.* GEORGE W. EDMONDSON, sheriff, defendant in error.

Where a sheriff fails to advertise and sell goods levied on under a mortgage *fi. fa.* on the 10th of April, 1871, until the first Tuesday in October, upon the ground that the defendant notified him that he would apply for a homestead exemption in said property, which exemption was not set apart until September 19th, 1871, upon application in behalf of plaintiffs in *fi. fa.*, a rule absolute should be issued against him. (R.)

Rule against sheriff. Execution. Diligence. Tried before Judge WRIGHT. Fayette Superior Court. October Term, 1871.

On March 28th, 1871, an execution based upon a mortgage on personalty, issued in favor of R. P. S. Kimbro and Company against L. E. Tidwell, for the sum of $388 07, principal debt, besides interest and costs, to be levied "of a two-thirds of a stock of goods, now in the hands of L. E. Tidwell, in the town of Fayetteville." The execution was levied upon the property therein described on April 10th, 1871. At the October Term, 1871, a rule was served on George W. Edmondson, sheriff of Fayette county, requiring

him to show cause why he should not pay over the principal, interest and costs due on the above stated execution. In response to the rule the sheriff answered substantially as follows: That the defendant, L. E. Tidwell, notified respondent of his application for a homestead, which was duly set apart on September 19th, 1871, in the property embraced in said *fi. fa.;* that this fact, together with others hereinafter mentioned, prevented the sale of said property on the first Tuesday in October, 1871; that had said property been sold at an earlier date the defendant, L. E. Tidwell, would have claimed a homestead in the proceeds of said sale; that if the property had been sold on the first Tuesday in July, 1871, as first advertised, the same would not have brought more than one hundred dollars; that after the levy and before said property could have been brought to sale, said L. E. Tidwell notified respondent that the property should not be brought to sale, from which he understood that said Tidwell would take his homestead or exemption before the same could be sold; that said mortgage is illegal and unauthorized, in this that there is no law authorizing a mortgage to be made on part of a stock of goods; that the mortgage *fi. fa.* does not specify the property mortgaged and to be sold; that respondent was notified by counsel for defendant not to sell all of said stock, provided he sold at all; that on the first Tuesday in July there was another stock of goods in the house and the owner controlled the key; that respondent, therefore, could not have sold the goods embraced in the mortgage *fi. fa.* at that time except by breaking open said storehouse, which he did not feel authorized to do; that the said L. E. Tidwell notified respondent verbally that if he attempted to sell he would apply for a homestead in said goods.

Counsel for Kimbro and Company demurred to said answer. The demurrer was sustained by the Court as to all of said answer, except as to such part as set up the homestead set apart to L. E. Tidwell. To which ruling plaintiffs in error excepted and now assigns the same as error.

Henry Jackson & Brother, for plaintiffs in error.

Hugh Buchanan; Tidwell & Fears; R. S. Dorsey, for defendant.

Warner, Chief Justice.

This was a rule against the sheriff calling upon him to show cause why he had not made the money on a *fi. fa.* placed in his hands, which issued on the foreclosure of a mortgage of two-thirds of a stock of goods, against the defendant, in favor of the mortgagees and plaintiffs in the *fi. fa.* It appears, from the record, that the sheriff had levied the *fi. fa.* on the two-thirds interest of the stock of goods in the possession of the defendant on the 10th day of April, 1871, and left the same in the possession of the defendant; that he did not advertise the goods for sale until the first Tuesday in October, 1871; that the defendant notified the sheriff, after the levy on the goods, that he could and would apply for a homestead exemption of the goods, and that he had done so; that on the 19th day of September, 1871, the goods were set apart to the defendant by the Ordinary as a homestead exemption. The sheriff, in his answer, also stated other reasons why he should not be held liable, and especially that there was another stock of goods in the house in which he had left the goods levied on, and that the owner controlled the key, (without stating who was the owner of the house;) that he could not have sold and delivered the stock of goods at the time the same were advertised for sale unless by breaking open the storehouse, which he did not feel authorized to do. The plaintiff demurred to the sheriff's answer as being insufficient in law to excuse him from liability. The Court sustained the demurrer to all of the answer of the sheriff except that part of it which related to the defendant's homestead exemption, but overruled the demurrer as to that, and dismissed the rule; whereupon the plaintiff excepted. When the mortgage *fi. fa.* was delivered to the sheriff, the law made it his duty to levy on the mortgaged property, to advertise

and sell the same in the manner prescribed thereby: Code, 3896. This he did not do, but because the defendant notified him that he could, would, and had applied for a homestead exemption of the goods levied on, he postponed advertising the goods for sale under his levy made thereon on the 10th of April, 1871, until the first Tuesday in October, 1871, and in the meantime the defendant obtained his homestead exemption of the goods on the 19th of September prior to the first Tuesday in October, when the sheriff had advertised the goods for sale. This neglect of duty on the part of the sheriff, in not advertising the sale of the goods levied on by him until after the defendant had obtained his homestead exemption thereon, looks very much like there was an understanding and *collusion* between the sheriff and the defendant, that the goods should not be sold under the mortgage *fi. fa.* until after the defendant had obtained his homestead exemption, so as to prevent them from being sold under it. In view of the facts of this case, as disclosed in the record, the Court below erred in not sustaining the demurrer to that part of the sheriff's answer relating to the defendant's homestead exemption, and in not making the rule absolute against the sheriff for the value of the goods levied on.

Let the judgment of the Court below be reversed.