Hathorn *et al. vs.* Maynard.

---

EMILY R. HATHORN *et al.*, plaintiffs in error, *vs.* WILLIAM T. MAYNARD, defendant in error.

1. Grounds of new trial not verified by the presiding judge cannot be considered.

2. The verdict was neither contrary to the law nor the evidence.

New trial. Practice in the Supreme Court. Before Judge HALL. Monroe Superior Court. February Adjourned Term, 1875.

Reported in the decision.

LANIER & ANDERSON, HILL & HARRIS; HAMMOND & BERNER, for plaintiffs in error.

A. M. SPEER; W. D. STONE; PEEPLES & HOWELL, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendant as administrator of Elijah Maynard, deceased, for an account and settlement of the estate in his hands as such administrator. On the trial of the case, the jury, under the charge of the court, found a verdict for the defendant. The complainants made a motion for a new trial on the grounds of alleged error in the charge of the court, failure to charge the jury, and because the verdict was contrary to law, and the evidence in the case. The court overruled the motion and the complainants excepted.

Whether the court charged the jury as set forth in the motion for a new trial, or failed to charge as therein stated, we do not know, as these alleged grounds of error contained in the motion, are not stated in the bill of exceptions, which the presiding judge has certified, to have been *true*, and therefore we cannot consider them. The only ground of error which remains for our consideration and judgment, is whether the verdict was contrary to law and the evidence. In looking through the evidence in the record we find nothing which will authorize this court to interfere with the verdict on either of the grounds alleged in the motion. The facts of the case, as disclosed in the record, bring it within the rulings of this court in *Miller vs. Gould*, 38 *Georgia Reports*, 465, and *Campbell vs. Miller*, 38 *Georgia Reports*, 304, and other cases in relation to the receipt of Confederate money by trustees. There was no error in overruling the motion for a new trial, on the statement of facts as disclosed by the evidence in the record.

Let the judgment of the court below be affirmed.