CLARKE & WILSON, plaintiffs in error, *vs.* LIZZIE TRAWICK, defendant in error.

1. When the sheriff, pending an application by the defendant for homestead, sells the land subject to the homestead right, reserving it in the deed made to the purchaser, the homestead, on afterwards being set apart, is subject to levy and sale at the instance of another creditor whose judgment is for a debt existing prior to the adoption of the present constitution.

2. A sheriff's deed is not admissible as title without the *fi. fa.*, or without proper secondary evidence if the *fi. fa.* cannot be produced. Neither is it admissible as color of title unless, on the case made, it is relevant as such.

3. Due diligence in searching for a superior court *fi. fa.* traced into the sheriff's office, and not there now nor known to be elsewhere, requires search in the clerk's office also, since it is to that office that all executions issued therefrom are ultimately returnable.

Homestead. Levy and sale. Evidence. Deeds. Before Judge POTTLE. Hancock Superior Court. October Term, 1875.

Reported in the opinion.

J. T. JORDAN, for plaintiffs in error.

GEORGE F. PIERCE, Jr., for defendant.

BLECKLEY, Judge.

Land was sold by the sheriff in June, 1869, under judgments rendered in April of that year. It does not appear from the records upon what the judgments were founded, nor do we deem it material in the present case. At the time of the sale, an application by the defendant for homestead in the land was pending before the ordinary. The sheriff, being notified of the application, announced publicly that the land would be sold subject to the right of homestead; and after this announcement, he so sold it. He made the announcement at the instance of the defendant; and George F. Pierce, Esq., who was acting at the time as the defendant's attorney, took part in making or procuring it to be made. Mr. Pierce became the purchaser, at the price of $480 00, and the sheriff exe-

cuted to him a deed in the usual form, except that it contained a reservation in these words: " Provided, nevertheless, this deed nor sale is to impair the right of said defendant nor his family to a homestead in said land, of the value of $2,000 00 in specie, as is granted to the citizens by the constitution and laws of said state; but this deed is made subject to said defendant's rights to said privileges he may hereafter assert in the proper courts of the country." Several months afterwards, Mr. Pierce, by quit claim deed, conveyed all his right and title to the defendant's wife, the present claimant. The purchase money was the same in amount as that paid out by Mr. Pierce, and was raised by her by borrowing on her own credit. The homestead was set apart, but at what time does not appear, further than that it was subsequent to the sheriff's sale. In 1873 the whole tract was levied upon as the property of the same defendant by virtue of a judgment rendered in 1872, in favor of the plaintiffs in error, Clarke & Wilson. This judgment was for a debt which existed prior to the constitution of 1868. The defendant's wife interposed a claim to the whole tract, and on the trial of the claim the verdict was in her favor. The plaintiffs moved for a new trial, and for error in overruling that motion this writ of error was brought.

1. One ground of the motion is, that the verdict was contrary to evidence; and we think it was, to the extent of the homestead estate. To that the claimant exhibited no title whatever. Her title consisted wholly of the sheriff's deed to Pierce, and of the deed from Pierce to her. The sheriff did not sell nor attempt to sell the homestead. When he excepted it in the terms of sale and in the deed, it was the same as if he had excepted it in his levy. If the judgments under which he was proceeding were based on contracts made prior to the adoption of the present constitution, he could have sold the homestead right, notwithstanding the pending application; but the power to sell it, if such power existed, was not exercised. He gave public notice that he would not exercise it. The purchaser not only acquiesced in that notice, but took part, as the defendant's attorney, in promulgating,

Clarke & Wilson *vs.* Trawick.

or procuring it to be promulgated. Whether those judgments bound the homestead or not, the plaintiffs in them could certainly have spared the homestead right if they had thought proper to do so, by excepting the same, either from the levy or from the sale. The sheriff, with or without authority from the plaintiffs, could do the same thing. His assumption of the authority, would simply have left him answerable to the plaintiffs for any injury they may have sustained from his misconduct, but it would in nowise have altered the fact of his actual conduct. Taking all the facts of the case, we think the defendant asserted a homestead right in the land to the value of $2,000 00, and that both the sheriff and the purchaser under him acquiesced in the right claimed. If the purchaser had afterwards resisted the laying off of the homestead, he might have been met successfully by the doctrine of estoppel. He was instrumental, as the defendant's attorney, in having the sale restricted as it was; and the deed which he accepted showed on its face that the homestead was not intended to pass. In some cases there is a distinction between selling property subject to incumbrances generally, and selling subject to a particular incumbrance specifically mentioned: See 98 Massachusetts, 305; 50 *Georgia Reports*, 109; 25 *Ibid.*, 316. If the present case rested alone upon this distinction, our ruling would, perhaps, be maintainable; but it has still stronger support, for an incumbrance proper has relation to some right that has already passed out of the defendant, or which has been created in some other person; whereas, the interest here involved was one abiding in the defendant himself. There was no attempt to sell *all* his right, title and interest, as is usually done, but a particular right which *he* claimed was expressly excepted. The exception was not of something to be asserted by a third person, as in the case of incumbrances proper, but of something to be asserted by the defendant himself. In other words, he insisted upon having a certain interest in his land left in himself, and the sheriff yielded to his claim and sold accordingly. After the sale that interest was definitely ascertained and set apart,

and thus matters stood when the whole land was seized again by other creditors, against whom the homestead right, spared before, would not prevail.

It was suggested in the argument, though it does not appear in the record, that the whole of the tract was embraced in the homestead as laid off. Should this appear to be true upon the next trial, we direct that, as judgment creditors of the defendant have had the benefit of the purchase money heretofore paid to the sheriff, the amount thereof, without interest, be refunded to the present claimant, out of the proceeds of the next sale, provided the claimant shall, before another sale is advertised by the sheriff, file in the clerk's office, and have recorded, a quit claim deed to the defendant of all her right and title to the whole tract, whether in possession or in reversion. We give this direction the more readily because counsel for plaintiffs in error, when the case was argued, expressed a willingness that the claimant should be allowed her purchase money if the land were made subject to re-sale.

2. In the progress of the trial the claimant offered in evidence the sheriff's deed to Pierce, without producing or accounting for the *fi. fas.* under which the sheriff sold. The court admitted it over the objection of the opposite party. We think this was error, if the purpose was to treat the deed as anything more than color of title; and as mere color of title, it was not relevant to the other facts of the case. There appears to have been no statement of counsel that it was expected to make it available as color of title. We think the deed should have been rejected: 15 *Georgia Reports*, 343; 16 *Ibid.*, 593; 20 *Ibid.*, 689; 10 *Ibid.*, 74; 24 *Ibid.*, 494.

3. Later in the trial, claimants offered secondary evidence of the *fi. fas.* under which the sheriff sold the land. As preliminary proof, it was shown, presumptively, that the sheriff who made the sale turned them over to his successor, the present incumbent; and the latter testified that he had searched his office and could not find them. We think the showing was complete as to the sheriff and the sheriff's office, but it ought to have gone further and disclosed search in the clerk's

office. All executions from the superior court are ultimately returnable to the clerk's office; and when they have been traced into the sheriff's office and are shown to be no longer there, the presumption is, in the absence of proof to the contrary, that they have been acted upon finally by the sheriff and passed into the clerk's office. Reasonable diligence to find them has not been exhausted until search has been made there: 6 *Georgia Reports*, 188; 7 *Ibid.*, 264; 10 *Ibid.*, 253. We do not think that any question of fraud was involved in the proven facts of the case. It was not error for the court to refuse the charge requested on that subject. The plaintiff's right to sell the homestead results from its never having been sold, and not from any fraud in the prior sale. In so far as the court's charge recognizes that sale, (assuming it free from fraud) or the deed made under it, as an obstacle to subjecting the homestead now, under the present levy, the charge is error. It is not clear, from the charge itself, that it was intended to mean anything inconsistent with our own views; but construing it in the light of the court's refusal to grant a new trial, there is a strong probability that the judge below did not agree with us on the main point in the case. We understand what he *did* better than the imperfect report before us enables us to understand what he *said*.

Judgment reversed.