Wells *vs.* Chaffin *et al.*

---

## Wells *vs.* Chaffin *et al.*

1. A sale of realty belonging to minors by their guardian, without an order from the court of ordinary, is not binding upon them.
2. A paper found among the effects of the guardian after his death, purporting to be an order from the court of ordinary for the sale of land, which had not been entered on the minutes, and which was dated at a time when he was not legally the guardian, though afterwards entered on the minutes at the instance of the purchaser, would not render such sale binding on the minors.

Guardian and ward. Title. Before Judge CRAWFORD. Muscogee Superior Court. November Term, 1877.

Reported in the decision.

PEABODY & BRANNON, for plaintiff in error, cited as follows: proceeding to sell is *in rem*, 6 Porter, 219, 262; 7 Ala., 855; 29 Ala., 542; 41 Ala., 26. What gives jurisdiction, 8 *Ga.*, 244; 30 *Ib.*, 961. Order not attacked collaterally for want of notice, 1 Ala., (N. S.) 708; 13 *Ga.*, 1; Code, §3583; 47 *Ga.*, 195; 56 *Ib.*, 435–439. Order *nunc*

*pro tunc*, 27 *Ga.*, 555; Code, §§206, 3499, 3500; 46 *Ga.*, 529; Code, §2628.

R. J. Moses, for defendants, cited as follows: jurisdiction of ordinary, Code, §§331, 4111, 4118, 4119, 4113. Guardians and their sales, Code, §§1811, 1812, 1828, 2559. Certain things need not appear on record, 54 *Ga.*, 87; 47 *Ib.*, 204, 207, but must exist, Code, §2628. Attacking judgment collaterally, 1 Pet., 328, 340; 3 How., 750; 6 *Ib.*, 163; 8 *Ib.*, 495, 540; 11 *Ib.*, 460; 18 Wall., 457; 19 *Ib.*, 58; 5 Wend., 148.

Warner, Chief Justice.

This was an action of ejectment brought by the plaintiffs against the defendant to recover two-thirds of the premises sued for, the same being a house and lot in the city of Columbus. The questions involved in the case were submitted to the decision of the court without the intervention of a jury. The court decided in favor of the plaintiffs, and the defendant excepted.

1. The defendant claimed title to the property in dispute as a purchaser at a guardian's sale, but it appears that no order had been entered on the minutes of the court of ordinary granting leave to the guardian to sell it, as required by law. The property was sold on the first Tuesday in August, 1869. The defendant offered in evidence the minutes of the court of ordinary for April, 1874, from which it appeared that, on the application of Wells, the purchaser and present defendant, a *nunc pro tunc* order had been entered thereon granting leave to the guardian to sell the property, who died in 1873, or early in 1874. This order of the ordinary granting leave to the guardian to sell the property, which purported to have been granted in May, 1869, was not found in the ordinary's office, but among the papers of Thompson, the guardian, after his death; and the question is, was the sale good as against the plaintiffs, who were minors, without an order of the ordinary granting leave to sell being entered on the minutes of that court? and if not, did the entry of the order *nunc pro tunc*, at the

April term, 1874, cure that defect in the title and make it valid?

1. When a purchaser of real estate claims title thereto by virtue of a guardian's sale, he must show an order of the ordinary granting to the guardian leave to sell it. Code, §§1828, 2559. In this case, it was affirmatively shown that no order had been entered on the minutes of the court of ordinary granting leave to the guardian to sell the premises in dispute prior to the sale thereof.

2. But it is claimed that the paper which was found amongst the papers of the guardian after his death, purporting to be an order signed by the ordinary for the sale of the property, and which was entered *nunc pro tunc* at the April term of the court, 1874, afforded plenary evidence that leave to sell the property had been granted by the ordinary, according to law, before the property was sold on the first Tuesday in August, 1869. It appears from the evidence in the record, that at the February term of the court, 1868, an order was passed by the ordinary appointing Thompson guardian of the plaintiffs, when he shall give bond in the sum of $2,500.00, with A. T. Calhoun security, which was not done, so far as the record shows. At the June term of the court, 1869, an order was passed by the ordinary in which it is recited that Thompson had been appointed guardian of the plaintiffs at the February term, 1868, " and whereas the condition of said appointment was that said Thompson should give bond in the sum of $2,500.00, with A. T. Calhoun security, which bond has not been given. And now at this term of the court comes the said Thompson and gives bond in the sum of $2,500.00, with J. W. Ryan and W. M. Murphy as securities, and his letters of guardianship have issued to him accordingly." Thus it will be seen that at the time the *nunc pro tunc* order for leave to sell the property purports to have been granted in May, 1869, Thompson, the guardian, was not qualified to act in that capacity, he not having given bond and security as required by law until June, 1869. The probable explanation of that paper purporting to be an order

of the ordinary is (the ordinary being dead), that he drew it up and signed it at the May term, 1869, preparatory to entering it on the minutes, expecting that the guardian would file his bond at that term, but, as he did not do so, the order, for that reason, was not entered on the minutes of the court. How that may have been we do not know, but the facts all tend to show that the property of the plaintiffs who were minors, was not sold by their guardian in accordance with the laws of the land, and there was no error in the decision of the court in view of the evidence contained in the record.

Let the judgment of the court below be affirmed.