JACKSON *v.* DuBose.

| 87 | 761 |
| 91 | 375 |
| 87 | 761 |
| 96 | 221 |

1. In an action of complaint for land, where both parties claim under the same person, any error of the court in admitting evidence to show title in such person is immaterial.

2. Where the question is whether a person has ceased to be a resident of Georgia and become a citizen of Alabama, his declarations made in a certain city in Alabama, to the effect that he had made that place his home and never expected to return to the county of his former residence in Georgia to live, are admissible in evidence in a controversy between his tenant and a third person respecting the cessation of his right of homestead in Georgia.

3. Where, after a levy upon land, an application is made for homestead, and pending the application the land is sold by the sheriff

under the levy with notice to the purchaser of the pendency of the application, he acquires the whole interest of the defendant in execution subject to the encumbrance of the homestead afterwards assigned, and on the expiration of that homestead interest, is entitled to the possession of the premises. The case of *Grace* v. *Kezar*, 86 *Ga.* 697, approved and adhered to. (CLARK, J., dissenting.)

4. The homestead interest is terminated by removal from the State. This is a sound proposition in itself, and is supported by the reasoning in *City Bank of Macon* v. *Smisson*, 73 *Ga.* 422.

*Judgment affirmed.*

November 23, 1891. Argued at the last term ; Judge RICHARD H. CLARK presiding in place of Justice LUMPKIN, disqualified.

Ejectment. Evidence. Practice. Homestead. Levy and sale. Before Judge LUMPKIN. Hancock superior court. October term, 1890.

Complaint for land in Hancock county by DuBose against Jackson. Upon the trial plaintiff offered in evidence a deed executed by one Turner, as guardian of certain minor children, to Lee and Forbes. This deed was objected to by defendant upon the grounds that there was no evidence showing that Turner had ever been appointed guardian, and no order of court granting him authority to sell the land, except recitals in the deed. The objections were overruled and the deed admitted, it being shown to the court that it was drawn from defendant under notice, and was a part of the chain of title under which defendant claimed.

Plaintiff put in evidence a deed from Forbes to Lee, covering Forbes' undivided interest in the land; also certain *fi. fas.* against Lee with levy thereof, December 3, 1875, on the land sued for, as the property of Lee, and a deed executed by the sheriff to plaintiff, covering the land, and dated January 4, 1876. Plaintiff then proved by defendant that he was Lee's tenant, had been living on the land five years, rented it from Lee; and that Lee had not been on the place during this time, but had been living in Alabama. Plaintiff then introduced one Rogers, who testified that he saw Lee the preced-

ing March in Birmingham, Ala.; that Lee told him he had made that place his home, and never expected to return to Hancock county to live. This evidence was received over defendant's objection that Lee was not a party to the case, was a competent witness, and his declaration could not bind his minor children, but was merely hearsay.

Defendent put in evidence the record of a homestead applied for by the wife of Lee on December 30, 1875, in behalf of herself and five minor children; the land in question having been set apart thereunder at the October term, 1876, of Hancock superior court. Lee testified that his wife left surviving six minor children; that at the time of her death he and his wife and family resided on the land; that his family is now composed of his wife, whom he married in Alabama in 1880, and six minor children, three by his first marriage and three by his last; that when he left Hancock county it was his intention to return to his old home, and it had always been his intention to do so; that since he left there he had lived in Alabama and other States temporarily as a railroad contractor, and it was still his intention to return to his home in Georgia; and that the rents and profits of the homestead he had used for the support and maintenance of his wife and minor children. Defendant then proved that after the *fi. fas.* had been levied and the sale advertised, the application for homestead was filed, and pending the hearing before the ordinary the day of sale arrived, and the sheriff offered the land for sale, when public notice was given of the pending application, and that whoever bought the land would buy it subject to Mrs. Lee's right to a homestead and to the pending application, and after this announcement DuBose, the plaintiff, bid $5, and the land was knocked off to him.

The court refused a request to charge, in effect, that

under the facts above stated, the sale was null and void and passed no title to the purchaser; and charged in accordance with the 3d and 4th head-notes, submitting also. the question whether Lee, at the time of leaving, intended to renounce his residence in Georgia and acquire a domicile for himself and his family in Alabama.

J. T. JORDAN, for plaintiff in error, cited 61 *Ga.* 154; Thompson on Homesteads, 625, 626, and cit.; 79 *Ga.* 121; *Id.* 117; 56 *Ga.* 359, 361; Code, §1828; 60 *Ga.* 677; 32 *Ga.* 307.

W. M. & M. P. REESE, *contra,* cited Code, §2018; 40 *Ga.* 293; *Id.* 297; 44 *Ga.* 603; 46 *Ga.* 130; 56 *Ga.* 359; 73 *Ga.* 422; 86 *Ga.* 697; Code, §§3508, 3510, 3856; 18 *Ga.* 609; *Id.* 341; 34 *Ga.* 356; 17 *Ga.* 303; 19 *Ga.* 331; 38 *Ga.* 597; 44 *Ga.* 638; 54 *Ga.* 687; Code, §§46, 47, 1693, 3771.