## McArthur v. Bridges et al.

ATKINSON, J.   N. W. Wood as head of a family consisting of his wife and two minor daughters occupied certain land in Montgomery county, Georgia, on which he conducted a farm which had been set apart from his estate as a homestead under the constitution of 1877.   In 1900 he sold out all of his personal property and removed with his family to the State of Alabama where he acquired a residence, and declared his intention to permanently reside in Alabama.   Six months after acquiring a domicile in Alabama he died in that State, leaving his widow and minor children.   About one month after his death the widow, leaving the children with their grandparents in Alabama, returned to Georgia, and made application to the superior court of the county in which the land was situated, in behalf of herself and minor children, for leave to sell the land which had been set apart as a homestead, for the purpose of reinvestment.   An order of court was granted at chambers, authorizing the sale.   The widow subsequently sold the land as authorized by the judgment.   The children continued to reside with their grandparents in Alabama until they had attained majority, and married.   They did not receive any part of the proceeds of the sale. After attaining majority, they instituted a suit in ejectment against persons who claimed under purchasers at the sale made by the widow. On the trial the evidence introduced, in effect as stated above, being uncontradicted, the judge directed a verdict for the plaintiffs, finding for them specified undivided interests in the land.   *Held,* that the removal of the head of the family from this State, and acquisition of a permanent residence in the State of Alabama, terminated his right to the homestead exemption set apart to him under the constitution of this State in the land in controversy.   *City Bank* v. *Smisson,* 73 *Ga.* 422; *Jackson* v. *DuBose,* 87 *Ga.* 761 (13 S. E. 916) ; *Palmer* v. *Smith,* 88 *Ga.* 84 (13 S. E. 956) ; *Knox* v. *Yow,* 91 *Ga.* 375 (17 S. E. 654) ; *Willbanks* v. *Untriner,* 98 *Ga.* 801 (25 S. E. 841).   The land descended, at the death of the husband of the family, to his heirs at law.   The homestead was not revived by return of the widow to this State.   As the homestead no longer existed, the court was without jurisdiction to grant the order at chambers, authorizing the widow to sell the land, so as to divest the legal title of the children.   Accordingly, on the uncontradicted evidence, the judge did not err in directing the verdict for the plaintiffs.           *Judgment affirmed.   All the Justices concur.*

No. 1553.   August 16, 1920.

Ejectment.  Before Judge Graham.  Montgomery superior court. June 21, 1919.

*M. B. Calhoun, A. C. Saffold,* and *Hines, Hardwick & Jordan,* for plaintiff in error.

*Underwood & Harris* and *Blalock, Redding & Stinson,* contra.