ELIZA FAIRCLOTH, plaintiff in error, *vs.* WILLIAM ST. JOHNS, defendant in error.

(BY TWO JUDGES.) 1. Where A bargained land to B, taking his notes for the purchase-money, giving his bond for titles, and afterwards indorsed one of the notes to C, who indorsed it to D, and B having paid some of the purchase-money, abandoned the land, and A having died, his administrator took possession of the land:

*Held,* That the indorser and minor children of A are entitled to a homestead in the land as against a judgment obtained by D on the indorsed note against B as principal, and A and C as indorsers. The equity of B, under his bond for titles, with some of the purchase-money paid, to pay the purchase-money and demand a title, does not, in such a case, make the lien of the judgment paramount to the homestead.

2. If, at the time of the sale of land by the sheriff, an application be pending for a homestead in favor of the family of the defendant, and notice thereof be given at the sale, the purchaser buys subject to the homestead. 20th February, 1872.

Ejectment. Homestead. Before Judge ALEXANDER. Mitchell Superior Court. November Term, 1871.

This was ejectment by Mrs. Faircloth against St. Johns. So much of the proceedings below, as is necessary for an understanding of the opinion, is as follows: She showed the *locus* and tenancy and title in her husband; that he died and she took possession of the land, and had it set apart to 'her for a homestead of herself and minor children, and closed. Defendant showed the following facts: Faircloth sold the land to one Settles, took his two notes for $1,000 00 and $500 00, for the purchase-money, and gave him possession and a bond for titles, upon payment of said notes; that Settles paid the $1,000 00 note, Faircloth transferred the $500 00 note to Crawford and indorsed it; Faircloth died; Settles moved West, and Faircloth's administrator put Mrs. Faircloth in possession of the land; Crawford indorsed said note to Jackson, and Jackson indorsed it and sold it to ...... This last owner of the note sued Faircloth and Crawford and Jackson, as indorsers on said note, obtained judgment and levied on the land as Faircloth's property. Before the sher-

iff's sale, Mrs. Faircloth applied to have said land set apart as a homestead for her and her children. At the sheriff's sale, notice of the pendency of this petition for homestead was given, but the sheriff proceeded to sell the land, and it was bid off by Crawford and Jackson. They took the sheriff's deed and St. Johns, who held as Mrs. Faircloth's tenant, attorned to them. Subsequent to the sheriff's sale, the homestead was set apart as prayed for. The Court charged the jury that Mrs. Faircloth took said homestead subject to any equity growing out of the facts, and that the homestead was defeated by a sheriff's sale of the land, under a judgment founded upon a note for its purchase-money. The jury found for defendant. The charge is assigned as error.

J. J. Bradford; W. A. Byrd; Vason & Davis, by Clark & Goss, for plaintiff in error.

W. E. Smith, by G. J. Wright, for defendant.

McCay, Judge.

1. The debt on which this *fi. fa.* was founded was the debt of Settle. Faircloth was only liable as indorser. As to Settle, it was given for the purchase of the land, and as to him and his family, it would be superior to the homestead, should' one be claimed by them. As to Faircloth and his family, it is only a simple debt. His indorsement had for its consideration entirely another tract of land. As to *that tract*, it would be a debt for the purchase-money, but as to the tract sold to Settle, it is not a debt for the purchase-money. Had Settle paid any portion of the purchase-money, the sale of the land, under section 3528 of the Code, would convey the title to the purchaser at the sheriff's sale. But as it is, Settle having paid nothing, nothing was sold belonging to him, and the purchasers got nothing in the land under their lien against Settle. As to Faircloth, they got his title, subject to the homestead, since *his* obligation was only as indorser.

What might be the equities of the holder of this note, as against Faircloth, it is not necessary to decide. They do not come before this Court as holders of the note, but as purchasers at the sale, and they stand only on their rights as such. Had they, before the sale, tendered to the administrator the amount of the other note, perhaps equity would have compelled him to make a title to Settle, and then the land might have been sold with a clear title and for a full price, as the property of Settle, though even then the widow's right of dower might be in the way, since the title was clearly in Faircloth at his death : *Day vs. Solomon*, 40 Ga. R., 32.

2. Upon the other point, we have decided, in 40 Georgia Reports, 293, that of the land be sold pending the application for homestead, the purchaser buys subject to the final judgment. The application is *pendente lite*, and such is also the provision of the Code, section 2018.

Judgment reversed.