HARRELL *vs.* HARRELL *et al.*

Where, pending an application for exemption, the property sought to be exempted is sold at a judicial sale, subject to the right of exemption, the purchaser at the sale takes the property subject to the same right of exemption; and if afterwards it be allowed by the ordinary, the applicant may maintain trover against any one who may have converted personalty so sold. No demand is necessary where the defendant has sold the property, but such sale is itself a conversion.

October 27, 1885.

Homestead. Actions. Trover. Conversion. Before Judge SIMMONS. Dodge Superior Court. May Term, 1885.

To the report contained in the decision, it is necessary to add only the following: Certain personalty was levied on under a justice court *fi. fa.* in favor of B. H. Harrell against Wm. L. Harrell. Pending the levy, the defendant applied for an exemption covering the property levied on. Pending the application, the property was sold, and defendants, W. W. Harrell and B. H. Harrell, bought it. After the sale, the property was exempted, and the wife of the defendant in *fi. fa.* brought trover to recover it. One of the defendants, B. H. Harrell, testified that he bought a part of the property at the sale, and his co defendant a part; that subsequently he bought the part which his co-defendant had purchased; and that he had sold the property and used the money. He also stated

that, at the time of the sale, he knew of the pending application for homestead; did not know whether the other defendant knew of it or not. There was some testimony tending to show that the defendants were partners.

The jury found for the plaintiff. The defendants moved for a new trial, which was granted, and plaintiff excepted.

W. McRae, by brief, for plaintiff in error.

Roberts & Smith, for defendants.

Blandford, Justice.

The plaintiff in error brought her action against the defendants to recover certain property which had been exempted to her by the ordinary. The facts showed that pending the application of the plaintiff before the ordinary, the constable, who had levied certain *fi. fas.* against the husband of plaintiff, and who had been notified of the application of defendant, sold the property levied on, and defendants purchased the same at the constable's sale. The court charged the jury that, if the defendants bought the property without notice of the application for exemption, their title was good, and plaintiff could not recover. Notwithstanding this charge, the jury found in favor of plaintiff. The court granted a new trial, and this decision is excepted to, and error is assigned thereon.

Where, pending an application for exemption, the property is sold, which is sought to be exempted, and the same is afterwards set apart as an exemption, and the levying officer sells said property subject to the right of exemption, the purchaser at such sale purchases the property subject to the same right of exemption; and if the exemption be afterwards allowed by the ordinary, such person to whom the exemption is so allowed, if the property be personal property, may maintain trover for the recovery against any one who may have converted the property thus

exempted. The facts show that the plaintiff had the right to recover in this case ; no demand is necessary to show a conversion where the property has been sold by the defendant; such sale is a conversion itself; so it must follow that the court erred in granting the new trial in this case.

Judgment reversed.