## HARRELL *et al. vs.* HARRELL *et al.*

After a recovery in damages for the conversion of exempt personalty (such as cattle), the beneficiaries, by their proper representative, are entitled to have possession of the money, and to use and enjoy it as freely as they could or might have used the property had it not been converted. Those who converted the property, though they obtained possession of it by purchase at a sale under a judgment against the head of the family, and though one of them was the plaintiff in that judgment, and is still a creditor, have no right to have the money invested.

February 26, 1887.

Homestead.  Debtor and Creditor.  Before Judge KIBBEE.  Dodge Superior Court.  August Term, 1886.

B. H. Harrell and W. W. Harrell filed their bill, alleging, in brief, as follows: A *fi. fa.* in favor of B. H. Harrell against W. L. Harrell was levied on certain personalty, which was sold at a constable's sale, and complainants became the purchasers. At the time of the sale, an application by the debtor as the head of a family, for an exemption of personalty, was pending before the ordinary, covering the property sold. It was afterwards set apart. W. L. Harrell having died,

his widow, Leah Harrell, on behalf of herself and other beneficiaries of the homestead estate, brought trover against defendants for the property and recovered a money verdict. A *fi. fa.* was issued, and it has been levied on the property of the complainant, B. H. Harrell, which has been advertised for sale. Mrs. Harrell and the other beneficiaries of the homestead estate are insolvent, and to pay the money to them would hazard its loss. Complainants claim that they obtained a title to the property subject to the homestead estate and have the same interest in the money representing it. They pray for its investment, under order of the court; for a receiver; and that the defendant and the sheriff be enjoined from proceeding to sell under the *fi. fa.* levied on B. H. Harrell's property. Discovery was waived.

It is unnecessary to set out the answer. The chancellor granted the injunction, but refused the receiver, and the defendants excepted.

W. McRae, by brief, for plaintiffs in error.

Roberts & Smith, for defendants.

Bleckley, Chief Justice.

Certain personalty, consisting of cattle, a horse, etc., was sold under execution pending an application to have it set aside under the homestead laws as exempt. After the exemption was allowed, a recovery was had in trover against the purchasers for so much money, they having converted the property to their own use. See *Harrell vs. Harrell et al.,* 75 *Ga.* 697. Execution founded on this judgment having been levied upon property of the defendants, they filed a bill and prayed for an injunction and a receiver, the theory of the bill being that the fund should be invested so as to restrict the beneficiaries to the use of the income only, and preserve the corpus for the complainants to be theirs absolutely when, in the process of time,

the exemption estate shall be terminated. The injunction was granted, restraining a sale of the property levied upon.

What were the rights of the beneficiaries in the exempt property, supposing that the same had been surrendered by these complainants to their possession as soon as the order of exemption was passed—that is, as soon as the proceeding for exemption, which was pending when these complaints purchased at judicial sale, terminated? These rights were to have the corpus of the property, and the unrestricted use of it, just as ordinary owners are entitled to use their property of a similar kind, with the single exception that no sale of it could be made save in the mode prescribed by statute. The cattle might have been all butchered and eaten and the horse worn out long before the exemption estate would expire by the efflux of time. The record shows that quite a number of the beneficiaries are children, some of them quite young. There is every probability that before they all attain majority every one of the animals would be dead and gone, and it is not unlikely that the rest of the property, such an article, for instance, as a sugar mill, would, by wear and tear, become worthless. At all events, there can be no doubt that the object of the homestead and exemption laws is to allow families to have the actual possession and use of the specific property claimed and set apart. What right, then, has any one who converts that property to his own use, contrary to the exemption right, to require that the family shall be in a worse condition, by reason of his wrongful act, than they would have been in had he done them no wrong? If he deprives them of their rightful custody and use of the specific property, why should they not have, in place thereof, the custody and use of the money recovered from him as damages, so that they may use it as freely as they might have used the property which it represents?

In the case of the sale and purchase of land subject to

a pending application for homestead, as in 40 *Ga.* 293, 297; 44 *Ga.* 603, the homestead beneficiaries are to have the land specifically for their enjoyment according to the nature of the property. In like manner, in case of the sale and purchase of personalty, they are to have the specific personalty for their enjoyment, according to the nature of this species of property; and to enjoy it fully according to its nature involves the right to consume it or to wear it out. It is the duty of those purchasing personalty subject to a pending application for exemption to respect the exemption right as a sacred thing, and to surrender the property as soon as the right is established, and then wait patiently for what is left of it when the right becomes extinct. If they fail to take this course, they must not only submit to a recovery, but if the recovery be in money, as in the present case, must pay it. The proper interpretation of such a recovery is, that it is only a compensation in damages for what the exemption estate has lost by the wrongful act done in withholding or converting the property. As to the mere contingent interest of the wrong-doers in the possible residue after the exemption estate is exhausted, that may well be supposed not to have been embraced in the recovery, but whether so or not, there can be no legal reason for allowing the wrongful act to work a destruction of the right of the beneficiaries to possess and use the corpus, a right clearly existing when the wrongful act was committed.

The judge erred in granting the injunction, and we sum up our ruling under the facts and law of the case as follows: After a recovery in damages for the conversion of exempt personalty (such as cattle), the beneficiaries, by their proper representative, are entitled to have possession of the money, and to use and enjoy it as freely as they could or might have used the property had it not been converted. Those who converted the property, though they obtained possession of it by purchase at a sale under a judgment against the head of the family, and

though one of them was the plaintiff in that judgment, and is still a creditor, have no right to have the money invested.

Judgment reversed.