ADAMS *v.* GRIZZARD *et al.*

No. 7802. JANUARY 17, 1931.

*Lowndes Calhoun* and *M. Smith,* for plaintiff.
*Lawrence S. Camp, H. F. Sharp,* and *Frank T. Grizzard,* for defendants.

HILL, J. William M. Adams brought a petition to enjoin the sale of certain described property under a judgment and execution for auditor's fees of Frank T. Grizzard, pending an application for a homestead in the ordinary's court. The petition alleged substantially the following: Frank T. Grizzard has placed in the hands of the sheriff, B. W. Adams, an execution in his favor against petitioner, on a judgment rendered in his favor for auditor's fees on or about February 11, 1930, amounting to $400, and caused the execution to be levied upon certain property described, which is being advertised for sale on the first Tuesday in April, 1930. On

March 13, 1930, petitioner made application, as an old and infirm person, to the ordinary of the county where he resides, to have a constitutional homestead set apart to him under sections 3377 et seq. of the Code, which application is set for hearing before the ordinary on April 12, 1930, Grizzard being duly scheduled as a creditor in said application, and having notice thereof as required by law. When the homestead is granted, the judgment and execution will be subject thereto and the land will be exempt from levy and sale thereunder. The prayers are that Grizzard and the sheriff be enjoined and restrained from proceeding further to sell the property under said judgment and execution, "or causing the same to be sold or selling the same on the first Tuesday in April, 1930, until the said application for homestead can be heard and determined; and that upon the grant of said homestead the said defendant be permanently restrained from selling said property under said execution." The bill of exceptions recites that the following evidence was introduced by plaintiff: "Application for homestead for petitioner, as an old and infirm person, to the ordinary of Campbell County, Georgia; on which a hearing was set before said ordinary on April 12, 1930. In said application the property described in the petition for injunction was scheduled, and the defendant, Frank T. Grizzard, was scheduled as one of his creditors, together with his address. Warranty deed from Era G. Adams to William M. Adams, dated March 13, 1930, consideration $5, and conveying the property described in the petition. It was understood and undisputed at the hearing before the court that this deed was made before the filing of the application for homestead by petitioner. For the defendant, Frank T. Grizzard, the following evidence was introduced: Judgment for auditor's fees in favor of Frank T. Grizzard in Campbell superior court (being the same judgment under which the execution was levied on and the property was proceeding to be sold). Deed from [to] Era G. Adams to [from] William M. Adams, dated Oct. 9th, 1927, consideration $5, conveying the property described in the petition. Decree in Campbell superior court, decreeing said deed void as made to defraud creditors. Said decree being on petition of W. R. Bishop." After hearing the court denied prayers of petition and revoked the restraining order theretofore granted. The plaintiff excepted.

■ On the call of the case in this court a motion was made to

dismiss it as being moot, on the ground that plaintiff had applied for a homestead in the land levied on, and that the application had been refused in the court of ordinary. In the answer to the motion to dismiss it was averred, that, while the case had been decided in the court of ordinary, an appeal had been taken to the superior court. In these circumstances the question has not become moot, and the motion to dismiss the writ of error is denied.

■ The Civil Code (1910), § 3421, provides that if, from any cause, the land exempt (as a homestead) has not been laid off, when the remainder is offered for sale, notice being given of the fact, the purchaser will buy subject to the incumbrance. And see *Kilgore* v. *Beck*, 40 *Ga.* 293; *Faircloth* v. *Johns*, 44 *Ga.* 603. The plaintiff, who has applied for an injunction to enjoin the sale of the land under an execution against him, in which land he claims a homestead under the Civil Code (1910), § 3377 et seq., on the ground of age and infirmity, is protected by giving notice of his application for homestead; provided, of course, it should be determined that he is entitled to the homestead. Under the decisions above cited, the purchaser of such property would buy the same subject to the right of the plaintiff to have the homestead set apart to him. Under the pleadings and the evidence the court did not err in refusing an injunction.

*Judgment affirmed. All the Justices concur.*